Welch, C. J.
Elisha Davidson and Elijah B. Davison are different names, and the description of a person by one of the names is not, in the absence of statutory provision,, supported by proof of a person bearing the other name; but, by the provisions of section 91 of the criminal code (66 Ohio L. SOI), a variance of this kind can not work an acquittal of the defendant, unless it is found to be “ material to the merits of the case or prejudicial to the defendant.” In order to prevent its working such acquittal, however, it must appear that the person intended to be described in the indictment is identical with the person described in the proof, the variance arising from a mere mistake in the name. Whether such mistake in the name is material to the merits of the case, or prejudicial to the defendant, is a question for the court, as we understand the law. But it is for the jury to say whether the person intended to be described in the indictment and the person described in the proof are one and the same person; in other words, whether the variance is a mere mistake in the name or is a mistake as to the person. We think, therefore, that the court erred in its instructions to the jury, by taking this question of personal identity from them, and instructing them, as it virtually did, that Elijah B. Damson was the person intended in the indictment, and that the grand jury, by mere mistake, designated him by the name of Elisha Davidson. True, the evidence leaves little if any doubt that the question was correctly decided by the court. But this does not cure the error, which consists in the fact that the court, in deciding the question, usurped the province of the jury. The jury should have been instructed to *510 the effect that if they found, that the deceased, Elijah B Davison, was the person intended by the grand jury under, the name of Elisha Davidson, the variance was immaterial, .and the defendant might be convicted of the murder of Elijah Davison.

Judgment reversed, and cause remanded.

"White, Res, Gilmore, and McIlvaine, JJ., concurred.